

# OEFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Howard Mays
County Attorney
Edwards County
Rock Springs, Texas

Dear Sir:

Opinion No. O-5795
Re:  May a County Attorney con-
tinue in the defense of
criminal cases in which
he was employed before
being appointed County At-
torney?

Your letter of March 22, 1944, requesting the opinion
of this department on the above question has been received.
We quote the second paragraph of the letter as follows:

"Will you please advise me whether or not I
am permitted to continue in the defense of criminal
cases I was employed in before I was appointed
County Attorney.  I have three such cases pending.
I shall appreciate this information as soon as con-
venient."

The question presented seems to be one of whether
or not you would be permitted to be of counsel adversely to
the State and may be answered by reciting Article 32 of the
Code of Criminal Procedure, the Article follows:

"Article 32.   (40) (41) Disqualified

"District and county attorneys shall not be of
counsel adversely to the State in any case, in any
court, nor shall they, after they cease to be such
officers, be of counsel adversely to the State in
any case in which they have been of counsel for the
State."

Article 25, Vernon's Annotated Code of Criminal
Procedure, provides as follows:

"Article 25. (30) (31) Duties of district attorneys

"Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within the county where such proceeding is had, he shall represent the State therein, unless prevented by other official duties."

The duties of County Attorney in many instances are co-extensive with those of the District Attorney. Article 26 of the Code of Criminal Procedure provides that the County Attorney shall represent the State in all criminal cases in his county; and in the absence of the District Attorney he shall represent the State alone, or when requested, shall aid the District Attorney in the prosecution of any case on behalf of the State in the District Court.

In the case of Garrett v. State, 252 S. W. 527, the District Attorney had before his election to such office, the relationship of attorney and client with the defendant in criminal matters. He had a discussion of the case with the defendant before the indictment was returned and though he was dismissed from the case and did not represent the defendant further, it was held by the Court of Criminal Appeals, in reversing the trial court, that the District Attorney's prosecution of the case violated Article 30 of the Code of Criminal Procedure, as formerly codified, which contained the same restrictions on the District Attorney as is now found in Article 25 above recited.

In the case of King v. State, 286 S. W. 231, the County Attorney filed a complaint against the accused and after resigning from the office attempted to represent the same defendant before the Court. Mr. Justice Baker of the Court of Criminal Appeals referred in his opinion to Article 32, Code of Criminal Procedure, and stated that the Article clearly disqualified the said attorney from representing the appellant by virtue of his having been counsel for the State in the same case prior to his resignation.

Honorable Howard Mays - Page 3

-Thus we see that a District Attorney is disqualified from prosecuting a person whom he was previously employed to defend, and from defending a person whom he had previously filed a complaint against while acting in the capacity of attorney representing the State. We do not think it necessary to discuss the numerous cases in our Civil Jurisprudence relative to the disqualification of an attorney when his interests are adverse to that of his client, nor is it necessary to refer to the ancient canon of legal ethics that no attorney shall represent adverse or conflicting interests.

We therefore advise that the County Attorney, after his election or appointment, cannot represent a client in a criminal case in which he was of counsel prior to his taking over the office of County Attorney nor can a former County Attorney represent the accused in an action brought by the State when such attorney had been interested in the case during his tenure of office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harris Toler

Harris Toler
Assistant

ATTORNEY GENERAL OF TEXAS

5, 1944

HT/pw



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN